Dear Ms. Adams:
Our office received an opinion request from you on behalf of the Council of St. Bernard Parish asking our office to give an opinion as to what should be followed when there are differences in stringency between state law and the St. Bernard Parish Home Rule Charter, a post-1974 home rule charter.
The structure and organization of home rule charters adopted after 1974 are described in La.Const. Art. VI, § 5, which states:
 A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
[Emphasis added.]
As this constitutional provision makes clear, a home rule charter adopted under this Section may not contain provisions denied by general law or inconsistent with the Louisiana constitution.[1]
You have specifically asked which should govern in the event that the St. Bernard Home Rule Charter is more stringent than state law, and which should govern in the event that state law is more stringent than the St. Bernard Home Rule Charter. If the St. Bernard Home Rule Charter permits something that state law *Page 2 
prohibits (e.g. state law is more stringent than the home rule charter), then it follows that that particular issue is denied by general law. Therefore, in accordance with La.Const. Art. VI, § 5, if the St. Bernard Home Rule Charter is less stringent than general state law, state law will govern.
As to your question of what governs in the event the St. Bernard Home Rule Charter is more stringent than state law, our office has previously interpreted La.Const. Art. VI, § 5 to mean that "a home rule charter may contain more stringent requirements than the Louisiana Constitution or general law, but may not conflict with or supercede either." La. Atty. Gen. Op. No. 02-0258.
The question you have asked involves a fact specific analysis: the St. Bernard Home Rule Charter may be more stringent than state law, if such a provision provides for the structure and organization, powers, and functions of St. Bernard Parish, and such is not denied by general law or inconsistent with the Louisiana constitution. In the event that the St. Bernard Home Rule Charter is more stringent than state law in one of the areas described above, then the home rule charter will govern, as long as the home rule charter provision does not conflict with or is not prohibited by general law.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB
[1] "General law" is defined by La.Const. Art. VI, § 44(5) as "a law of statewide concern enacted by the legislature which is uniformly applicable to all persons or to all political subdivisions in the state or which is uniformly applicable to all persons or to all political subdivisions within the same class."